IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 13- |
| v. | : | DATE FILED: _____ |
| JOSEPH MALCOLM,<br>a/k/a "Timber,"<br>ROBERT MANSFIELD,<br>a/k/a "Rob" | :<br>:<br>:<br>:<br>: | VIOLATIONS:<br>21 U.S.C. § 846 (conspiracy to distribute methamphetamine - 1 count)<br>21 U.S.C. § 841(a)(1) (distribution of methamphetamine - 1 count)<br>18 U.S.C. § 894 (conspiracy to collect an extension of credit by extortionate means - 1 count)<br>18 U.S.C. § 2 (aiding and abetting)<br>Notice of forfeiture |

**INDICTMENT**

**COUNT ONE**

THE GRAND JURY CHARGES THAT:

1. From on or about December 1, 2012, through on or about April 17, 2013, in the Eastern District of Pennsylvania, the District of Maryland, and elsewhere, defendants

JOSEPH MALCOLM,
a/k/a "Timber," and
ROBERT MANSFIELD
a/k/a "Rob,"

conspired and agreed together and with others known and unknown to the grand jury, to knowingly and intentionally distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii).

**MANNER AND MEANS**

It was part of the conspiracy that:

2. Defendants JOSEPH MALCOLM and ROBERT MANSFIELD obtained a large quantity of methamphetamine and distributed it to Ronald Sells, who is charged elsewhere. Sells was the President of the Philadelphia Chapter of the Outlaws Motorcycle Club. MALCOLM and MANSFIELD provided the methamphetamine with the expectation that Sells would make payment within a few days.

3. When Ronald Sells did not make prompt payment in full, defendants JOSEPH MALCOLM and ROBERT MANSFIELD accepted approximately $12,000 in U.S. currency from Sells as partial payment for the drugs.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 17, 2013, in the Eastern District of Pennsylvania, the District of Maryland, and elsewhere, defendants

**JOSEPH MALCOLM,**
a/k/a "Timber," and
**ROBERT MANSFIELD,**
a/k/a "Rob,"

knowingly and intentionally distributed, and aided and abetted the distribution of, 500 grams or more, that is, approximately 821.9 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Between on or about January 1, 2013, and on or about April 17, 2013, in the Eastern District of Pennsylvania, the District of Maryland, and elsewhere, defendants

**JOSEPH MALCOLM,**
a/k/a "Timber," and
**ROBERT MANSFIELD,**
a/k/a "Rob,"

conspired and agreed, together and with others known and unknown to the grand to knowingly use extortionate means to collect and attempt to collect extensions of credit.

### MANNER AND MEANS

2. It was part of the conspiracy that the defendants JOSEPH MALCOLM and ROBERT MANSFIELD extended credit to Ronald Sells, charged elsewhere, and another person (hereinafter Person #1), for the purchase of approximately two pounds of methamphetamine worth approximately $48,000. Sells was the President of the Philadelphia Chapter of the Outlaws Motorcycle Club and Person #1 was a prospective member.

3. When Ronald Sells and Person #1 did not pay for the methamphetamine, defendants JOSEPH MALCOLM and ROBERT MANSFIELD and others, known and unknown to the grand jury, attempted to collect the debt owed by threatening Sells and Person #1, and their families with physical harm. Defendants MALCOLM and MANSFIELD and others also took Person #1's motorcycles and trailer without his permission to hold as collateral for the debt.

4. Defendants JOSEPH MALCOLM and ROBERT MANSFIELD enlisted the services of Michael Privett, charged elsewhere, to threaten Ronald Sells and Person #1 and

-4-

attempt to collect payment of this debt by extortionate means. At the time, Privett was the Warlord of the Philadelphia Chapter of the Outlaws Motorcycle Club.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants JOSEPH MALCOLM and ROBERT MANSFIELD committed, or caused to be committed, the following overt acts, among others, in the Eastern District of Pennsylvania, the District of Maryland and elsewhere:

1. On or about January 17, 2013, defendants JOSEPH MALCOLM and ROBERT MANSFIELD provided approximately two pounds of methamphetamine to Ronald Sells and Person #1 on an extension of credit. Defendants MALCOLM and MANSFIELD expected Sells and Person #1 to repay the debt within a few days.

2. On or about January 22, 2013, defendants JOSEPH MALCOLM and ROBERT MANSFIELD went to the residence of Ronald Sells to collect payment for the drugs. Sells told them that Person #1 had taken the drugs but had not sold the drugs yet. Defendants MALCOLM and MANSFIELD instructed Sells to provide them with Person #1's personal information so that defendants MALCOLM and MANSFIELD could find Person #1 to collect the debt.

3. On or about January 22, 2013, defendants JOSEPH MALCOLM and ROBERT MANSFIELD enlisted the services of Michael Privett to threaten Ronald Sells and Person #1. At the time, Privett was the Warlord of the Philadelphia Chapter of the Outlaws Motorcycle Club. Later that day, following defendants MALCOLM and MANSFIELD's instructions, Privett spoke to Person #1 and told him that he must call defendants MALCOLM

and MANSFIELD immediately or "people are gonna die" over the missing money and drugs.

    4. On or about January 29, 2013, defendant ROBERT MANSFIELD left a message on Person #1's voicemail which stated, "Believe you have something that belongs to me. I'd like to get it back. I got your motorcycle, I got your trailer. I got your girlfriend's address, where your kid goes to school and I'm, got your trailer too, I'm, I got, I got the tag to the Florida address. I'm gonna have that today, have to pay your son a visit. I'm gonna take the chopper and the truck. You have to get a hold of me and give me what is mine."

    5. On or about February 1, 2013, defendant ROBERT MANSFIELD left a message on Person #1's voicemail which stated, "Now I don't have time for games, man. You want your bikes back, you need to come up with the money. Can't get a hold of [Sells]. Guess I have to start taking people apart, that's all. See you around."

    6. On or about February 1, 2013, defendant JOSEPH MALCOLM left a message on Person #1's voicemail which stated, "You can believe one thing. You can fuck with me all you want to but motherfucker, trust me, your whole family is in danger. Fuck you."

    7. On or about February 1, 2013, defendant ROBERT MANSFIELD left a message on Person #1's voicemail which provided the purported address for Person #1's family members and stated: "I'll have the address for your son's house . . . this week. I got the tag numbers, I got your bike, I got your trailer. I want my money. Your whole family is going to be in danger if not. You need to pick up the fucking phone. You're supposed to meet [Sells] today, now he's not answering the phone either. As far as I'm concerned, both you all in the same boat."

    All in violation of Title 18, United States Code, Section 894.

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1. As a result of the violations of Title 21, United States Code, Sections 841 and 846, set forth in this indictment, defendants

**JOSEPH MALCOLM,**
a/k/a "Timber," and
**ROBERT MANSFIELD,**
a/k/a "Rob,"

shall forfeit to the United States of America:

(a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations; and

(b) any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violation.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

*(signature)* Christine ? Aus for

**ZANE DAVID MEMEGER**
United States Attorney